U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

JUL 3 0 2019

CLERK U.S. DISTRICT COURT
By: _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | 4:19-MJ-608 |
| MARIA GERLADINA ALMAGUER (01) | |

## CRIMINAL COMPLAINT

**Alleged Offense:**

I, Special Agent Florencio Vega, ("Your affiant"), being duly sworn, state the following is true and correct to the best of my knowledge and belief:

On or about June 21, 2017 in the Fort Worth Division of the Northern District of Texas, the defendant knowingly subscribed as true, a false material statement on an application required by immigration laws or regulations of the United States, under oath or as permitted under penalty of perjury in violation of 18 U.S.C. § 1546 that is, fraud and misuse of visas, permits, and other documents.

**Probable Cause:**

1. I am a Special Agent (SA) for Homeland Security Investigations (HSI), a division of the Department of Homeland Security (DHS) formed on March 1, 2003. I have been so employed since 2016. I am trained as a federal law enforcement officer responsible for conducting criminal investigations of alleged violations of federal law.

2. As a criminal investigator for HSI, I have performed and continued to perform various duties which include conducting investigations for a variety of violations of federal criminal and immigration laws. I have received courses of instruction from HSI relating to investigative techniques and the conducting numerous types of investigations. During the course of my employment as an SA, I have participated in and have conducted investigations that have resulted in the arrests and conviction of individuals for federal criminal and immigration laws.

3. I am making this sworn Affidavit in support of an Application in the United States District Court for an Arrest Warrant for **Maria Geraldina Almaguer (M. Almaguer)**.

4. The information contained in this affidavit is known by me personally, has been told to me by other law enforcement officers, third party witnesses, or obtained from business or public records examined by me. The information in this affidavit is provided for the purpose of establishing probable cause. The information is not a complete statement of all the fact related to this case.

5. On July 31, 2019, **M. Almaguer** was encountered by Homeland Security Investigations (HSI), Special Agents during an enforcement action in Arlington, Texas. **M. Almaguer** has been previously identified through queries of immigration databases to be a citizen of El Salvador who was previously deported, excluded or removed from the United States.

6. On October 26, 1998, **M. Almaguer** attempted to make entry at the Hidalgo, Texas, Port-of-Entry (POE). **M. Almaguer** presented a birth registration card in the name of Yolanda JIMENEZ, a United States Citizen (DOB: November 27, 1967 POB: San Juan, Texas). During secondary inspection, **M. Almaguer** was unable to answer questions as to where she attained the birth registration card. Later the subject stated her name was "Patricia GONZALES", DOB August 27, 1976, citizen of Veracruz, Mexico and was assigned Alien registration number 077 446 694. On October 27, 1998, **M. Almaguer**, under the alias "Patricia GONZALES," was found guilty of Improper Entry by an Alien, a violation of 8 U.S.C § 1325(a)(3), processed for removal, and removed from the United States on October 27, 1998, via the Hidalgo POE.

7. On April 4, 2001, **M. Almaguer** applied for immigration benefits by submitting form I-485, Application to Register Permanent Residence or Adjust Status and was assigned Alien Number 078 882 068. In the initial process of this application for permanent residency, a number of questions were presented to **M. Almaguer** in order to determine her eligibility as required by immigration laws or regulations. On this application, **M. Almaguer** made material statements under oath, under penalty of perjury.

Criminal Complaint - Page 2 of 4

8. **M. Almaguer** knowingly subscribed as true, the following false statements:

   **M. Almaguer** was asked in question 9: "Have you ever been deported from the U.S., or removed from the U.S. at the government expense, excluded within the past year, or are you now in exclusion or deportation proceedings?" **M. Almaguer** answered "No" and initialed next to her response. In the Biographic Information section, under "all other names used," **M. Almaguer** only listed her maiden name, BAIRES, she did not mention her alias "Patricia GONZALES."

9. At the conclusion of this application, **M. Almaguer** signed and certified, under penalty of perjury under the laws of the United States of America, that the application and the evidence submitted with it was all true and correct.

10. On June 21, 2017, **M. Almaguer** applied for renewal of immigration benefits by submitting an Application to Replace Permanent Resident Card (USCIS Form I-90), and again provided a material statement under oath under penalty of perjury.

11. **M. Almaguer** knowingly subscribed as true the following false statement:

    On Page 3, Part 3 "Processing Information," **M. Almaguer** was asked in question 4, "Have you ever been in exclusion, deportation, or removal proceedings or ordered removed from the United States?" To which **M. Almaguer** answered "No."

12. At the conclusion of this application, **M. Almaguer** signed, certifying, under penalty of perjury, that **M. Almaguer** provided the information or authorized all of the information contained in the application, and that all of that information was complete, true, and correct.

x

Based upon the above, the undersigned believes there is probable cause to believe that **Maria Geraldina Almaguer** has committed crimes in violation of 18 U.S.C. § 1546.

_____
Special Agent Florencio Vega
Homeland Security Investigations

SWORN AND SUBSCRIBED before me this 30th day of July, 2019 at 2:45 p.m. in Fort Worth, Texas.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE